UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL AND JEANNINE INGRAHAM                                CIVIL ACTION

VERSUS                                                        NO. 07-3555

PLANET BEACH                                                  SECTION "C" (3)
FRANCHISING CORPORATION

## ORDER AND REASONS

Before the Court is defendant's Motion *in Limine* to Exclude Testimony Regarding Consequential Damages (Rec. Doc. 134.) Defendant seeks to preclude counsel from eliciting testimony regarding any damages other than "actual damages (past and future lost profits)." [1] Plaintiffs oppose. (Rec. Doc. 153.). This matter was taken under advisement, on the briefs, without oral argument. Based on the memoranda of parties, the record in this matter, and the applicable law, the Court GRANTS defendant's motion.

Defendant argues that the Franchise Agreement, the contract between the parties, specifically waives the right to seek "consequential damages." In Louisiana, "contracts have the effect of law for the parties." La. Civ.Code art.1983. Under La. Civ.Code art. 2045: "Interpretation of a contract is the determination of the common intent of the parties." The interpretation of an unambiguous contract is an issue of law for the court to decide. *Amoco*

---

[1] According to Blacks Law Dictionary, actual damages is defined as "[a]n amount awarded to a complainant to compensate for a proven injury or loss; damages that repay actual losses." Blacks 8th ed. (2004). "Consequential damages" on the other hand are those "[l]osses that do not flow directly and immediately from an injurious act but that result indirectly from the act." Blacks 8th ed. (2004). It is the latter that defendant seeks to exclude.

*Production Co. v. Texas Meridian Resources Exploration Inc.,* 180 F.3d 664, 668 (5th Cir.1999). "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties intent." La. Civ.Code art.2046. "In addition, a contract provision is not ambiguous where only one of two competing interpretations is reasonable or merely because one party can create a dispute in hindsight." *Texas Eastern Transmission Corp. v. Amerada Hess Corp.*, 145 F.3d 737, 741 (5th Cir.1998).

A contract is ambiguous under Louisiana law "when it is uncertain as to the parties' intentions and susceptible to more than one reasonable meaning under the circumstances and after applying established rules of construction." *Lloyds of London v. Transcontinental Gas Pipe Line Corp.*, 101 F.3d 425, 429 (5th Cir.1996). Relevant rules of construction include interpreting each provision in light of other provisions so that each is given meaning suggested by the entire contract, interpreting provisions susceptible of different meanings so as to not to ignore them, and interpreting contracts in ways that leads to unreasonable consequences or inequitable or absurd results even when the language used is explicit. *Texas Eastern, supra*.

The Franchise Agreement states:

> 26.9  <u>Waiver of Punitive Damages.</u> The parties waive to the fullest extent permitted by law, any right to or claim for any punitive, exemplary, incidental, indirect, special or consequential damages (including, without limitation, lost profits) which either party may have against the other arising out of any cause whatsoever (whether such cause be based in contract, negligence, strict liability, other tort or otherwise) and agree that in the event of a dispute, recovery shall be limited to actual damages. If any other term of this Agreement is found or determined to be unconscionable or unenforceable for any reason, the forgoing provision shall continue in full force and effect, including, without limitation, the waiver of any right to claim any consequential damages.

Plaintiffs claim that a) the contract language is ambiguous and b) that defendant must

prove that the waiver was brought to the attention of the plaintiffs.  As to the ambiguity, plaintiffs focus on the inclusion of "lost profits" in the waiver.  Lost profits are usually considered part of actual damages suffered, not punitive damages, and are a typical remedy in breach of contract cases.  *See Red Diamond Supply, Inc. v. Liquid Carbonic Corp.* 637 F.2d 1001, 1007 (C.A.La., 1981)(disagreeing with lower court decision that "actual damages" did not include "lost profits" in the unfair trade practices context).  Indeed, defendant concedes that lost profits are recoverable under breach of contract cases. (Rec. Doc. 134-2 at 3.)

However, the language of the contract is not ambiguous on this basis.  That phrase is confusing, but that doesn't make the rest of the provision particularly confusing.  Also, that particular phrase can be reconciled by concluding that "lost profits" which can be proved to have resulted directly from the opening of the new franchise are recoverable, but that unless that connection is clearly established, than any lost profits that indirectly came about, are not.   For example,  one of the plaintiff's employees was fired and then went to work for the new franchise.  Plaintiffs allege the new employee contacted plaintiffs' customers and convinced them to patronize the new franchise.  Damages arising from such a scenario would be excluded as consequential damages, and not a direct result of the opening of the new franchise.

Nor do plaintiffs have a valid claim that the waiver was not brought to the attention of the plaintiffs.  The new owner's signature is at the bottom of the page, the waiver language is highlighted as a separate provision and Jeannine Ingraham was, and is,  a sophisticated businesswoman.  Accordingly, the Court finds the waiver language is valid and applies to

damages in this case.[2]

**IT IS ORDERED that defendant's Motion *in Limine* to Exclude Testimony Regarding Consequential Damages (Rec. Doc. 134) is GRANTED.**

New Orleans, Louisiana, this 17th day of April, 2009.

                                            HELEN G. BERRIGAN
                                            UNITED STATES DISTRICT JUDGE

---

[2] As the waiver language specifically limits damages in all causes of action (negligence, contract, etc), the Court declines to address defendant's other arguments supporting exclusion of consequential damages.