# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL AND JEANNINE INGRAHAM | CIVIL ACTION |
| VERSUS | NO. 07-3555 |
| PLANET BEACH FRANCHISING CORPORATION | SECTION "C" (3) |

## ORDER AND REASONS

Before the Court is defendant's Motion *in Limine* to Exclude Material Protected by Attorney Work Product Privilege (Rec. Doc. 140). In a supplemental memorandum, defendant narrows their motion to three items: Ex. 62 (March 26, 2007 email batestamp 183); Ex. 95 (March 9, 2007 email, batestamp 84); Ex. 96 (March 9, 2007 email, batestamp 81). This matter was taken under advisement, on the briefs, without oral argument. Based on the memoranda of parties, the record in this matter, and the applicable law, the Court GRANTS IN PART AND DENIES IN PART defendant's motion.

*1) Is the document protected by attorney-client or work-product privilege?*

The attorney-client privilege between an attorney and the client protects communications only to the extent the communications may disclose confidential information provided by the client for the purpose of facilitating legal advice. La. Code Evid. Art. 506; *see Wells v. Rushing*, 755 F.2d 376, 379 n. 2 (5th Cir. 1985). Federal Rule of Civil Procedure 26(b)(3)(B) protects against the disclosure of the "mental impressions, conclusions, opinions, or legal theories of a

party's attorney."

As to Exhibit 62, this is an email from a Planet Beach employee responding specifically to a question posed by an in-house attorney at Planet Beach. The document includes both the question from the attorney and the response by the employee. As such, the communication is provided by the client and in responding to a specific question from the representing attorney, the information is for the purpose of facilitating legal advice. Exhibit 62 is privileged.

As to Exhibit 95, this exhibit contains two emails as well. The earlier email (3:32 p.m.) clearly includes the mental impressions of the attorney Shandy De St. Germain, specifically her thoughts on the viability of a potential defense to an imminent lawsuit seeking an injunction. This is clearly protected as opinion work-product. The second email (4:24 p.m.) within the exhibit is from an employee, Conny Zeagler, to the attorney noting that a conference call will be held to discuss certain information and the attorney should attend. Plaintiff contends that the importance of this document is the Planet Beach employee's reference to "protected territories" as the agenda for the teleconference. (Rec. Doc. 154). Although the email is addressed to an attorney, unlike exhibit 62, the information contained therein (the agenda of the teleconference) is not provided for the purpose of facilitating legal advice and is therefore not privileged.

As to Exhibit 96, this exhibit contains five separate emails. It is movant's burden to prove that the privilege applies. The burden of demonstrating the applicability of the privilege rests on the party who invokes it. *Hodges, Grant & Kaufmann v. U.S. Government, Dept. of the Treasury, I.R.S.* 768 F.2d 719, 721 (5th Cir. 1985). Moreover, this Court specifically ordered defendant to supplement their motion "by specifying and explaining exactly which portions of exactly which exhibits are objected to." Defendant has failed to carry its burden with regard to

2

Exhibit 96 and therefore defendant's motion *in limine* as to Exhibit 96 is denied without prejudice. Counsel may re-urge exclusion of specific portions of the exhibit, with appropriate authority, at trial.

*2)     Was the privilege waived?*

Neither the attorney-client nor the work product privilege is absolute; both privileges can be waived. The attorney-client privilege is waived if the holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the matter or communication. *See Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 381 (5th Cir.1989); *United States v. El Paso Co.*, 682 F.2d 530, 538 (5th Cir.1982). "The privilege protects only confidential communications of the client to the attorney." *Indus. Clearinghouse, Inc. v. Browning Mfg. Div. of Emerson Elec. Co.*, 953 F.2d 1004, 1007 (5th Cir.1992). "Generally disclosure of confidential communications of attorney work product to a third party, such as an adversary in litigation, constitutes waiver as to those items." *Genentech. Inc. v. United States International Trade Comm'n*, 122 F.3d 1409, 1415 (Fed.Cir.1997)."When relayed to a third party that is not rendering legal services on the client's behalf, a communication is no longer confidential, and thus it falls outside of the reaches of the privilege." *Nguyen v. Excel Corp.*, 197 F.3d 200, 207 (5th Cir.1999). However, under the federal rules of evidence, "opinion work product, which consists of mental impressions, conclusions, opinions, or legal theories of an attorney other representative of a party is afforded an almost absolute protection from discovery." *Enron Corp. Savings Plan v. Hewitt Associates, L.L.C.* 2009 WL 764310, 11(S.D.Tex. 2009)(citing *In re International Sys. and Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1240 (5th Cir.1982)).

As to Exhibit 62, the Court finds the privilege is waived as to the employee Ryan Branch's response, but not as to the attorney's question to the employee. The attorney's question to the employee includes the "mental impressions" of the attorney and is afforded almost "absolute protection." It is therefore is not admissible. However, the privilege asserted to the employees response was waived by production and by injecting the issue into litigation. Defendant voluntarily produced the document subject only to a "blanket objection." Plaintiffs also claim that they requested, and defendant failed to provide, a privilege log for any documents disclosed in discovery. Defendant has failed to prove that their disclosure was inadvertant. Moreover, defendant has argued that the term "protected territories" is merely a "descriptive ornament" chosen by plaintiffs. (See Rec. Doc. 71-2 at 13.) The use of the term "protective rings" in the email is relevant to addressing defendant's argument. Accordingly, Exhibit 62 is admissible in part.

As to Exhibit 95, only the earlier email (3:32 p.m.) was deemed privileged. clearly includes the mental impressions of the attorney Shandy De St. Germain. As such it constitutes opinion work product and is afforded almost "absolute protection." It is therefore is not admissible.

**IT IS ORDERED that:**

**Defendant's Motion *in Limine* to Exclude Material Protected by Attorney Work Product Privilege (Rec. Doc. 140) is GRANTED IN PART AND DENIED IN PART. Specifically:**

1) **Exhibit 62 is admitted in part. Defendant shall provide a redacted copy for all Bench Books and opposing counsel on the day of trial.**

2) **Exhibit 95 is admitted in part. Defendant shall provide a redacted copy for all**

**Bench Books and opposing counsel on the day of trial.**

3) **Exhibit 96 is admitted. Defense counsel may re-urge their objection at trial with regard to specific portions of the exhibit and with appropriate supporting legal authority.**

New Orleans, Louisiana, this 17th day of April, 2009.

                                          HELEN G. BERRIGAN
                                          UNITED STATES DISTRICT JUDGE